UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

RONNIE R. MARTIN,

    Petitioner,

v.                                        Case No. 10-C-0494

JOHN HUSZ, and
RICK RAEMISCH,

    Respondents.

## RECOMMENDATION ON RULE 4 REVIEW

On June 11, 2010, the petitioner, Ronnie M. Martin ("Martin"), filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.[1] According to his petition and the documents filed therewith, on November 17, 2006, Martin was convicted in the Milwaukee County Circuit Court of "Possession with Intent to Deliver - Cocaine < 1-5g." Martin states he was sentenced on March 13, 2006 to "18 months incarceration followed by 3 years extended supervision."

As previously stated, on June 11, 2010, Martin filed his federal habeas petition. According to his statements in the petition, Martin's claim for relief is based on the "[a]djournment of extended supervision revision hearing." Martin states that the adjournment took place on May 19, 2010. Martin states that he is "requesting for higher authority to review this complaint because: my agent, Christine Ross, whom of which I believe to be a very bias agent, has discriminated against me and I have not been given a fair chance to serve my extended supervision." (Pet. at 16.)

---

[1] It is unclear whether Martin's habeas petition is properly filed under § 2241 or whether Martin's petition should be considered as one filed pursuant to 28 U.S.C. § 2254. The court will proceed by considering Martin's petition under either statute's framework.

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts[2] states that:

> The clerk must promptly forward the petition to a judge under the court's assignment procedure, and the judge must promptly examine it. If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge must order the respondent to file an answer, motion, or other response within a fixed time, or to take other action the judge may order. In every case, the clerk must serve a copy of the petition and any order on the respondent and on the attorney general or other appropriate officer of the state involved.

In the course of conducting a Rule 4 review, a district court may not address the merits of constitutional claims raised in a federal habeas petition "unless the state courts have had a full and fair opportunity to review them." *Farrell v. Lane*, 939 F.2d 409, 410 (7th Cir. 1991). Thus, under federal habeas law, a state prisoner must exhaust the remedies available in state court before a district court will consider the merits of a federal habeas petition. 28 U.S.C. § 2254(b)(1)(A). If a federal habeas petition includes a single unexhausted claim, the district court must dismiss the entire petition and leave the petitioner with the choice of either returning to state court to exhaust the claim or amending or resubmitting the petition to present only exhausted claims. *See Rose v. Lundy*, 455 U.S. 509, 510, 102 S. Ct. 1198, 71 L. Ed. 2d 379 (1982). A prisoner satisfies the exhaustion requirement on a constitutional claim when the prisoner presents such claim to the highest state court for a ruling on the merits. *Simmons v. Gramley*, 915 F.2d 1128, 1132 (7th Cir. 1990).

In this case, it appears that the claim in Martin's petition is not exhausted. Martin states he is presenting his claim based on the adjournment of an extended supervision hearing. It does not appear that Martin has presented his claim to any Wisconsin court, whether it be the circuit, appellate

---

[2] Rule 1(b) of these rules allows them to be applied to other habeas corpus petitions, such as petitions filed pursuant to § 2241. *See Poe v. United States*, 468 F.3d 473, 477, n.6 (7th Cir. 2006). In this case, the court finds it appropriate to apply the Rules Governing Section 2254 Cases to Martin's petition regardless of whether Martin's petition is properly considered as a petition filed pursuant to § 2241 or § 2254.

2

or supreme court. Indeed, Martin states in his petition that the "Division of Hearings+Appeals" adjourned the hearing "until July 6, 2010." In other words, Martin appears to concede that his claim is not exhausted. While this court's usual practice is to allow the petitioner an additional opportunity to supplement his petition in order to demonstrate exhaustion, Martin's concession that another hearing was scheduled on his claim makes it clear that Martin has not exhausted his claim in state court.

Under the recently amended Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts,[3] a district court is to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." *Id.* As the court is now recommending the entry of a final order adverse to Martin, the court will make an additional recommendation on whether a certificate of appeability should issue.

Before petitioner may take an appeal to the Seventh Circuit, the district court must consider whether to grant the petitioner a certificate of appealability ("COA") pursuant to 28 U.S.C. § 2253(c). Fed. R. App. P. 22(b). The COA may issue only if the applicant makes a substantial showing of the denial of a constitutional right. *See* 28 U.S.C. § 2253(c)(2). The standard for making a "substantial showing" is whether "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S. Ct. 1595, 146 L. Ed. 2d 542 (2000) (internal quotation marks omitted) (citing *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4, 103 S. Ct. 3383, 77 L. Ed. 2d 1090 (1983)). If the court issues a COA, it must indicate on

---

[3] To reiterate, the Rules Governing Section 2254 Cases may be applied at the discretion of the court to petitions filed under § 2241. *See* Rule 1(b), Rules Governing Section 2254 Cases.

which specific issue or issues the petitioner has satisfied the "substantial showing" requirement. *See* 28 U.S.C. § 2253(c)(3).

In the instant case, Martin appears to admit that his claim was not exhausted. Stated another way, dismissal of Martin's petition is required and Martin has not made a "substantial showing" that reasonable jurists could debate whether the petition should not be dismissed or that the issue presented was adequate to deserve encouragement to proceed further. *See Slack*, 529 U.S. at 484.

**NOW THEREFORE IT IS RECOMMENDED** that petitioner's Petition for Writ of Habeas Corpus (Docket # 1) be **DENIED**;

**IT IS FURTHER RECOMMENDED** that the petitioner be **DENIED** a Certificate of Appealability; and

**IT IS FURTHER RECOMMENDED** that this case be **DISMISSED**;

Your attention is directed to 28 U.S.C. § 636(b)(1)(B) and (C) and Federal Rule of Civil Procedure 72(b)(2) (as amended effective December 1, 2009), whereby written objections to any recommendation herein or part thereof may be filed within fourteen days of service of this recommendation. Objections are to be filed in accordance with the Eastern District of Wisconsin's electronic case filing procedures. Courtesy paper copies of any objections shall be sent directly to the chambers of the district judge assigned to the case. Failure to file a timely objection with the district court shall result in a waiver of a party's right to appeal.

**SO ORDERED** this 25th day of August 2010, at Milwaukee, Wisconsin.

                              **BY THE COURT:**

                              s/ William E. Callahan, Jr.
                              WILLIAM E. CALLAHAN, JR.
                              United States Magistrate Judge